# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STORMY COX,

Plaintiff,

v.

CITY OF PORTERVILLE,

Defendant.

Case No. 1:24-cv-00878-KES-SAB

ORDER REQUIRING PLAINTIFF TO FILE ENTRY OF DEFAULT; CONTINUING SCHEDULING CONFERENCE TO FEBRUARY 18, 2025

**DEADLINE: DECEMBER 3, 2024**

(ECF No. 7)

On July 31, 2024, Plaintiff commenced this action. (ECF No. 1.) A scheduling conference is currently set for December 5, 2024. (ECF No. 4.) Because Defendant City of Porterville has not appeared and Plaintiff has not moved for entry of default, the Court ordered Plaintiff to file a status report regarding the status of Defendant and the parties' readiness for the scheduling conference. (ECF No. 6.)

On November 20, 2024, Plaintiff filed a status report contending she served the complaint on Defendant on October 10, 2024 but has not received any response or other communication. (ECF No. 7.) Plaintiff proffers, without explanation, that she is prepared to hold the scheduling conference on December 5, 2024. Plaintiff reserves the right to seek default against Defendant should Defendant fail to appear.

There is no indication from Plaintiff's sparse "return of service" form (ECF No. 5) whether Plaintiff served this Court's order setting the mandatory scheduling conference on Defendant when she served the complaint and summons on October 10, 2024. Plaintiff's status

report likewise does not confirm that Defendant was provided notice of the December 5, 2024 scheduling conference. It is clear, however, that the parties have not conducted a Rule 26(f) conference. Thus, the Court does not find it productive to conduct a scheduling conference on December 5, 2024. The Court shall continue the scheduling conference to February 18, 2025.

The Court shall order that Plaintiff request entry of default of Defendant City of Porterville, if she believes she can do so in good faith. However, upon review of the "return of service" filed in this matter (ECF No. 5), the Court notes various deficiencies, including the failure to state the name of the person who was served, the manner of service on the public entity, and, if applicable, the date upon which the documents were mailed in accordance with substitute service on a public entity. See Fed. R. Civ. P. 4(j)(2); Cal. Civ. P. Code §§ 416.50(a), 415.20(a). Plaintiff is advised the Clerk of Court requires sufficient information regarding service of the Defendant to determine whether default should be entered. Thus, the Court shall order Plaintiff to request entry of default and concurrently file a completed affidavit of service.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 5, 2024 scheduling conference is continued to **February 18, 2025 at 11:00 a.m. in Courtroom 9**; and
2. Plaintiff shall file a request for entry of default and completed proof of service of summons and the complaint **no later than December 3, 2024**. Alternatively, any request for an extension of time to effectuate proper service on Defendant must be filed **no later than December 3, 2024**.

IT IS SO ORDERED.

Dated: **November 21, 2024**

STANLEY A. BOONE
United States Magistrate Judge